E. A. JEFFS, RESPONDENT, *v.* RIO GRANDE WESTERN COMPANY, APPELLANT.

DAMAGES.—KILLING STOCK.—PROXIMATE CAUSE.—Where the evidence showed that a cow was being driven along the street and a dog began chasing her, and she ran across the track and was struck back of the shoulder by appellant's engine, which was running twenty miles an hour, which was in excess of the speed of eight miles an hour permitted by the ordinances of the city, where accident occurred, and the engine was not sounding a bell as required by statute; *held,* that the evidence warranted a finding of negligence on the part of appellant and that such negligence was a proximate cause of the injury.

APPEAL from an order of the district court of the third

district and from an order refusing a new trial, Hon. Charles S. Zane, judge. The opinion states the facts.

*Messrs. Bennett, Marshall and Bradley,* for the appellant.

The ringing of the bell was intended solely as a warning to human beings and not to cattle, which are not supposed to be endowed with reason so as to understand its meaning. *Fisher* v. *Railway Co.,* 126 Pa. St. 293; *Atkinson* v. *Water Works Co.,* L. R. 2 Exch. 441. There is no legal presumption that an omission of signals or running at excessive speed is the cause of an injury to cattle killed at a crossing. *Evans* v. *Railway Co.,* 17 Mo. App. 624; *Holmes* v. *Railway Co.,* 62 Mo. 562; *Railway Co.* v. *Phelps,* 29 Ill. 447; *Railway Co.* v. *Stebbings,* 62 Md. 504; *Railway Co.* v. *Bolsen,* 36 Kans. 534. The excessive speed was not the cause of the cow being killed. She came suddenly and at full speed on the engine. *Daniel* v. *Railway Co.,* L. R. 3 C. P. 222, and L. R. 5 H. L. 45. There could have been no anticipation of the cow getting to the track at the particular time, and the negligence was not a cause. *Railway Co.* v. *Reeves,* 10 Wall. 176; *Morrison* v. *Davis,* 20 Pa. St. 171; *Denny* v. *Railway Co.,* 13 Gray, 481; *Daniels* v. *Ballantine,* 23 Ohio St. 532; *Dubuque Wood Co.* v. *Dubuque,* 30 Iowa, 176; *McClary* v. *Railway Co.,* 3 Neb. 44.

*Mr. John M. Cannon* and *Mr. Barlow Ferguson,* for the respondent.

SMITH, J.:

In this action the plaintiff recovered judgment below for the value of a milch cow, killed by a switch engine of defendant on a public street in Salt Lake City. The defendant appeals.

One error alone is assigned here, to-wit: that the evidence is insufficient to justify the verdict.

In appellant's brief and in the oral argument it is admitted that defendant failed to ring the engine bell as required by statute, and was running in excess of the speed allowed by the city ordinance of Salt Lake City. From these admitted facts the negligence of defendant may be inferred. See *Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408; *Smith* v. *R. G. W. Co. (ante)*, 33 Pac. 626.

The defendant's counsel admits this legal conclusion to be correct, as we understand, but claims that upon the other admitted facts it is shown that defendant's neglect was not the proximate cause of plaintiff's injury.

The facts shown in the record in brief, are as follows: defendant's engine was going north on a street and the cow of plaintiff was traveling east on a street intersecting defendant's track at right angles, at a point sixty yards from the crossing; a dog of some third person took after the cow and chased her easterly along the street. The cow was being driven in connection with other cows, quite leisurely along the street, up to the time the dog began chasing her. The boy in charge of the cows tried to stop the dog. Up to this point there is no conflict in the evidence. But as to what occurred afterwards there is a very material conflict.

The witnesses Bouck, Ernshaw and Olsen, swear that the cow was chased almost squarely across the track, and in crossing she was struck. Bouck swears she was struck by the buffer beam of the engine on the right side just back of the shoulder. No witness disputes this last statement.

The witnesses Morgan, Richards, Dingwall and Fisher testify that when the cow came to the intersection of the two streets, she turned north on the west side of defendant's track and began running parallel to it; that the dog ran around her, headed her off and turned to the east and south and on to defendant's track and that she ran directly

into the front of the engine. It will be readily seen that these two claims are materially different.

Take the state of facts as proven by plaintiffs witnesses. The cow running as testified to, across defendant's track, would occupy but the shortest space of time in actually crossing the point of danger, to-wit: the track itself. Now under such circumstances had defendant's engine been running at the legal rate of speed—eight miles an hour, instead of that proved, viz.: twenty miles an hour, it will be seen that the accident could scarcely have occurred as the engine would have been under control, and had the cow been seen a very short distance ahead of it, its speed could have been slacked and the cow could have escaped. With the engine running twenty miles an hour her danger would have been proportionately increased and the opportunity for escape in like ratio lessened. In such case therefore the failure to give warning by ringing the bell and the unlawful speed of the train may be well considered as elements proximately contributing to the injury, and under such circumstances if the jury found that the negligent acts of defendant in the particulars proven contributed proximately to the killing of the cow the defendant is liable, although the action of the dog in the premises may have contributed to the result. See 16 Am. & Eng. Enc. of Law, 440, and cases cited.

It may be conceded that if the facts were admitted to be as claimed by defendant's witnesses, defendant would not be liable; for it may be well said that if the cow were turned upon the track and driven directly upon the engine she would have been killed anyhow, no matter whether the engine was running 8 or 20 miles an hour, and no matter whether the bell was being rung or not. But as we have seen the testimony was conflicting as to just what did occur immediately before and at the moment of the accident. The jury had the right to believe the witnesses

for plaintiff, and if they did, they could legitimately come to the conclusion that the negligence of defendant was a proximate cause of the injury.

We think we need not again say that we will not reserve a case for insufficiency of the evidence when in a material matter it is conflicting and a jury and trial court having the witnesses before them have passed upon and decided the question of fact. The judgment appealed from is affirmed.

MINER, J., and BARTCH, J., concurred.